UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RILEY MILAN,

                              Plaintiff,        **MEMORANDUM AND ORDER**
                                                            2:16-cv-4451 (DRH)(SIL)

   - against –

SPRINT CORPORATION and RAMON
GALAN,

                              Defendants.
-------------------------------------------------------X

**APPEARANCES**

**PHILLIPS & ASSOCIATES, PLLC**
Attorneys for Plaintiff
45 Broadway, Suite 620
New York, NY 10006
  By:    Brittany Alexandra Stevens, Esq.
           Marjorie Mesidor, Esq.
           Yusha D. Hiraman, Esq.

**PROSKAUER ROSE LLP**
Attorneys for Defendant Sprint Corporation
11 Times Square
New York, NY 10036
  By:    Elise M. Bloom, Esq.
           Noa M. Baddish, Esq.

**K&L GATES, LLP**
Attorneys for Defendant Ramon Galan
One Newark Centre, 10th Fl.
Newark, NJ 07102
  By:    Rosemary Alito, Esq.
           Laura Scully, Esq.

**HURLEY, Senior District Judge:**

**INTRODUCTION**

Presently before the Court are two appeals by Defendant Sprint Corporation ("Sprint") from Magistrate Judge Steven I. Locke's Minute Order dated November 16, 2017, granting Plaintiff's Motion to Compel, and the Minute Order dated January 3, 2018, denying Sprint's Motion for a Stay. For the reasons stated below, Sprint's appeals are denied and Judge Locke's orders affirmed.

**BACKGROUND**

*I.     Plaintiff's Motion to Compel*

On October 18, 2017[1], Plaintiff Riley Milan ("Plaintiff") moved by letter to compel Defendant Sprint to produce discovery materials "regarding other complaints of sexual harassment, gender discrimination, and/or retaliation against Sprint, including but not limited to complaints through the 'Sprint's Ethics Hotline' and any notes generated from Sprint's Employee Helpline." (Motion to Compel [DE 36] at 1.) In the letter motion, Plaintiff explains that Sprint's response time regarding these materials was extended by four weeks, after which time Sprint sent objections with no documents. (*Id.* at 2.) Plaintiff responded with a deficiency letter, to which Sprint replied that the responsive documents would be produced once a Stipulation of Confidentiality and Protective Order ("Stipulation") was in place. (*Id.*) Plaintiff agreed that any relevant documents would be subject to a Stipulation, but after two additional deficiency letters Sprint never produced the documents. (*Id.*)

Before filing the Motion to Compel, the Parties met and conferred on September 14, 2017, regarding outstanding deficiency issues. (*Id.*) Sprint offered to provide harassment complaints from December 2014 to the present at the Manhasset store only, which Plaintiff

---

[1] Sprint's Motion to Compel, filed the same day, is not discussed here as it is not in contention. (*See* Sprint's Motion to Compel [DE 37].)

rejected as too narrow in scope. (*Id.* at 3.) Plaintiff responded by narrowing the request to complaints of sexual harassment, gender discrimination, and/or retaliation from January 1, 2013 to the present, in the State of New York. (*Id.*)

On October 23, 2017, Sprint filed its opposition to Plaintiff's Motion to Compel, alleging that Sprint only agreed to produce complaints related to Defendant Galan and arguing that Plaintiff's request is "nothing more than a fishing expedition." (Def.'s Opp. [DE 39] at 2.) On November 16, 2017, Judge Locke entered a Minute Order for a proceeding held that same day regarding the ongoing discovery disputes. By such Minute Order, Judge Locke granted Plaintiff's Motion to Compel "for all stores located on Long Island for the period from January 1, 2013 to the present." Judge Locke found:

> [T]his production is relevant and proportionate to the needs of the case given Plaintiff's representation that [Sprint's] investigation of her claims was inadequate, e.g., that she was not interviewed as part of the investigation (a fact in dispute), and that she intends to test the adequacy of Defendant's practices in this regard for the purpose of establishing animus and possible punitive damages. This discovery is also relevant to the extent that Sprint is asserting a Faragher/Ellerth defense.

(Minute Order [DE 41] at 1. )

On November 30, 2017, Sprint appealed (the "Appeal") Judge Locke's decision on the basis that Judge Locke's ruling is contrary to the Federal Rules of Civil Procedure and applicable case law. (Appeal [DE 43] at 4.) Sprint argues that "the ruling allows for a quintessential fishing expedition into highly confidential and sensitive information about non-parties" because Plaintiff did not allege in the Motion to Compel that her discovery request was relevant or proportional to the needs of the case. (*Id.*) Sprint also claims that the information in question can be obtained through less burdensome means, such as depositions. (*Id.*)

## II. Sprint's Motion to Stay

Also on November 30, 2017, Sprint filed a Motion to Stay compliance with Judge Locke's Order until this Court decided Sprint's Appeal. Sprint claimed that its objections would otherwise be rendered moot. (Mem. in Supp. re Motion to Stay [DE 45] at 1–2.) On January 3, 2018, Judge Locke entered a Minute Order for a proceeding held that same day, denying Sprint's Motion for a Stay. On January 12, 2018, Sprint appealed Judge Locke's decision regarding its' Motion for a Stay. Plaintiff filed responses in opposition to both the Appeal and the Motion to Stay. (*See* Response in Opp. [DE 50].)

## DISCUSSION

### I. Standard of Review

This Court reviews a magistrate judge's decision regarding non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Discovery matters are generally considered non-dispositive of litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed.'" *E.E.O. C. v. First Wireless Grp., Inc.,* 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse,* 161 F. Supp. 2d 305, 320–21 (S.D.N.Y. 2001)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty,* 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002), *aff'd,* 45 Fed.

App'x. 59 (2d Cir. 2002); *accord Schwartz v. Metro. Prop. & Cas. Ins. Co.*, 393 F. Supp. 2d 179, 181 (E.D.N.Y. 2005).

Magistrate judges are best qualified to "judge the entire atmosphere of the discovery process," *Bogan v. Nw. Mut. Life Ins. Co.,* 144 F.R.D. 51, 53 (S.D.N.Y.1992). Accordingly, "[c]onsistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion." *See Nikkal Indus., Ltd. v. Salton, Inc.,* 689 F. Supp. 187, 189 (S.D.N.Y. 1988).

II.    *Legal Standard Regarding Discovery*

The proper scope of discovery is set forth in Federal Rule of Civil Procedure 26(b), which provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Information is considered relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Management Corp.*, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2017) (quoting Fed. R. Evid. 401). Additionally, "the party seeking discovery bears the burden of initially showing relevance." *Pothen v. Stony Brook Univ.*, 2017 WL 1025856, at *5–6 (March 15, 2017 E.D.N.Y.) (citing *Mandell v. The Maxon Co., Inc.*, 2007 WL 3022552, at *1 (S.D.N.Y. 2007)).

### III. Plaintiff's Motion to Compel

As discussed above, Sprint argues that "the ruling allows for a quintessential fishing expedition into highly confidential and sensitive information about non-parties." Sprint, citing Fed. R. Civ P. 26(b), argues that Plaintiff is not entitled to the documents because she has not asserted that the documents are relevant and proportional to the needs of this case. (*See* Appeal [DE 43] at 5.) Sprint cites numerous cases in support of this contention. *See, e.g.*, *Pothen*, 2017 WL 1025856, at *5–6 (finding that the discovery sought was mere speculation and that while "evidence regarding a pattern of discrimination may be relevant to Plaintiff's claim . . . Plaintiff [] provided no factual basis for his speculation that [another employee] was discriminated against" for similar reasons). While the case law is persuasive, it is not binding; especially on such a fact-specific inquiry.

Moreover, here, the Court may only consider whether Judge Locke's decision is clearly erroneous or contrary to law. Based on a review of the transcripts, the briefs, and the Appeal papers, the Court finds that Judge Locke's decision is supported by evidence in the record, and it is clearly not erroneous or contrary to law. For example, during the hearing, Plaintiff's counsel made a robust showing as to how information related to other complaints of sexual harassment, gender discrimination, and/or retaliation would be relevant to Plaintiff's case. Specifically, Plaintiff's counsel argued that the information would be relevant

> Not only for us to see what is the pattern and practice at Sprint at [sic] investigating these claims, especially when the instant claim, there's an allegation that Sprint failed to do any sort of investigation and failed to take our client's complaints regarding this seriously. It would also, if the issue should ever come to a trial, your Honor, possibly support our claims for punitive damages.

(Transcript of Proceedings at 2–3 [DE 42] (Nov. 16, 2017).) While Sprint takes issue with Plaintiff's failure to raise this argument in its initial briefs, that argument does not hold water, let

alone provide a basis for overturning Judge Locke's decision on a discovery matter under the highly deferential standard. Judge Locke concluded that the production was relevant and proportionate to the needs of the case based on Plaintiff's counsel's statements during the hearing and in the briefs. Therefore, Judge Locke's decision complies with Fed. R. Civ. P. 26(b).

It is worth noting that Judge Locke significantly constrained the scope of Plaintiff's original discovery request. Plaintiff initially asked for *all* complaints of sexual harassment, gender discrimination, and/or retaliation ever brought against Sprint or dialed into Sprint's Ethics Hotline anywhere in the Country. At the time of the hearing Plaintiff limited that request to those complaints in the State of New York. Judge Locke only granted the request as to complaints brought in Long Island. By so doing, Judge Locke tailored the initial broad request to a scope that is now proportional to the needs of the case. As such, Sprint's Appeal is denied and Judge Locke's decision granting Plaintiff's Motion to Compel is affirmed.

IV.     *Sprint's Motion to Stay*

As the Court has denied Sprint's Appeal and has affirmed Judge Locke's decision granting Plaintiff's Motion to Compel, Sprint's appeal regarding the Motion to Stay is moot.

## CONCLUSION

For the foregoing reasons, Sprint's appeal regarding the motions to compel and stay are both denied in their entirety.

**SO ORDERED.**

Dated:  Central Islip, New York
        April 6, 2018

                                            /s/
                                    Denis R. Hurley
                                    Unites States District Judge